Scileppi, J. (dissenting in part).
We are in complete agreement with the analysis and disposition made by the majority as to the counterclaim for reformation of the deed of sale. We disagree, however, to the extent that the majority failed to allow similar reformation of the title insurance policy so that it should conform to the now reformed deed of sale.
The majority has taken the position that a policy of title insurance provides coverage for whatever property is1 described therein; that notwithstanding the existence of a “ scriveners mistake” which has given rise to reformation of the deed, it does not necessarily follow that a similar right of reformation exists as to the title insurance policy which clearly was intended to cover the very same property described in the deed. We do not agree with this conclusion.
The contingency which the insured of a title policy intends to protect against and which the title company intends to insure is a “ [failure to keep what [the insured] has or thinks he has ” (Empire Development Co. v. Title Guar. & Trust Co., 225 N. Y. 53, 59); in other words the intention of the parties is to protect the bargain the insured has made. To this extent the terms of the title policy are necessarily dependent upon the intention of the parties as evidenced by the deed of sale. For example, if A agrees to buy and B agrees to sell Blackacre, and A secures title insurance from 0 on Blackacre, any defects in the title to Blackacre that existed as of the date the deed was delivered are clearly covered by the policy. Where, however, the same transactions are intended and, as in the instant case, through some inadvertance the deed and the policy describe the property as Whiteacre, reformation should be granted on both the deed cmd the policy. The analysis is the same in both instances; the deed should be reformed to evidence the true intention of A and B, to wit, to convey Blackacre, and *470 the policy should be reformed to evidence the true intention of A and 0, to wit, to insure title to the property A bargained for, namely Blackacre.
Finally, even assuming, arguendo, that the intention of the parties to the title policy to maintain consistency with the property as described in the now reformed deed of sale cannot be inferred, this would not be fatal to a finding of reformation of the title policy, for the parties in the instant case have expressly provided for such consistency in the policy itself. It states: “ The estate or interest insured by this policy is fee simply vested in the insured by means of a deed made by Bertha Uhlendorf dated 6/30/65 recorded 7/6/65 ” (emphasis added).
To say that the deed is to be reformed and the title policy which is dependent and inextricably intertwined with the deed should not be similarly reformed is to ignore the very nature of title insurance and the clear intention of the parties as expressed in the policy.
Accordingly, the order of the Appellate Division should be modified by reversing so much thereof as dismissed the counterclaim of the Title Guarantee Company for reformation. Reformation should be granted to establish consistency between the deed of sale and the title insurance policy, and, as .so modified, affirmed.
Chief Judge Field and Judges Bergan and Keating 'Concur with Judge Burke; Judge Scileppi dissents in part and votes to modify in an" opinion in which Judges Breitel and Jasen concur.
Order affirmed.